QUESTION: Does a sheriff have the authority to transport and confine municipal prisoners at the request of municipal police officials?
SUMMARY: Pursuant to an agreement under Ch. 125, F.S., the Sheriff of Sarasota County can transport and confine municipal prisoners of North Port Charlotte. You advised that the municipality of North Port Charlotte is without a city jail or holding cells and, on occasion, transports and confines municipal prisoners in county jail. In AGO 049-63 it was determined that there was implied authority for Hillsborough County to confine persons in its county jail after such persons were convicted by the Municipal Court of Temple Terrace. Subsequently, in AGO 050-295, the question was raised as to the legality of the City of St. Augustine entering into an agreement with St. Johns County whereby city prisoners were to be confined in the county jail. Noting that there was no statutory authority for such an agreement, it was suggested that legislation authorizing such an agreement be enacted and that, in the interim, the agreement be made only on a temporary basis. Section 125.01(1), F.S., states that the legislative and governing body of a county shall have the power to carry on county government. This includes the power to: (p) Enter into agreements with other governmental agencies within or outside the boundaries of the county for joint performance, or performance by one unit in behalf of the other, of any of either agency's authorized functions. Therefore, North Port Charlotte and Sarasota County may formulate an agreement which delineates the rights and responsibilities of each party regarding the transportation and confinement of municipal prisoners in the county jail. An agreement of this type would be within the scope of s. 125.01(1)(p), F.S., and in accord with the general rule that a municipality is allowed to use county jail facilities. See C.J.S. Prisoners s. 4, p. 852 and AGO 072-259. Your question is answered affirmatively.